11th Court of Appeals
Eastland, Texas
Opinion
 
Carl Raymond Hathaway
            Appellant
Vs.                  No. 11-03-00328-CR -- Appeal from Harris County 
State of Texas
            Appellee
 
            The jury found Carl Raymond Hathaway guilty of theft and assessed his punishment at
confinement in the Institutional Division of the Texas Department of Criminal Justice for 15 years.
We affirm.
            On the night of March 20, 2001, a theft occurred at the residence of Paul Hale, a manager for
Schlumberger Reed Hycalog, an oil drill manufacturing company. Hale regularly kept tools and
equipment belonging to his company in the back of his truck, and this night was no exception. Many
valuable drilling tools were stolen from Hale’s truck, with an approximate total value of more than
$18,000. 
            A week later, Lieutenant Robert Jackson of the Harris County Sheriff’s Department initiated
a traffic stop on appellant when he failed to give a left-hand turn signal. Larry Key was riding with
appellant. When Officer Jackson approached appellant’s vehicle, he observed drug paraphernalia
in the back seat. Officer Jackson frisked appellant and Key and discovered crack cocaine on Key.
Inside the vehicle, Officer Jackson found two toolboxes, a pair of bolt cutters, a pair of gloves, a ski
mask, and a flashlight. In Officer Jackson’s experience, these items next to the toolboxes appeared
to be “burglary tools.” Upon opening the toolboxes, Officer Jackson discovered that they contained
small nozzles used for oil field drill bits. An investigation by the police revealed that the tools
discovered in appellant’s vehicle matched the tools stolen from Hale. 
            Appellant presents two issues on appeal. First, appellant argues that the evidence is legally
and factually insufficient to support his conviction. Second, appellant argues that the trial court erred
in submitting an instruction on the law of parties in the jury charge.
            We first address the sufficiency of the evidence. In order to determine if the evidence is
legally sufficient, we must review all of the evidence in the light most favorable to the verdict and
determine whether any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Jackson v. State, 17
S.W.3d 664, 667 (Tex.Cr.App.2000). In order to determine if the evidence is factually sufficient,
we must review all of the evidence in a neutral light and determine whether the evidence supporting
guilt is so weak that the verdict is clearly wrong and manifestly unjust or whether the evidence
contrary to the verdict is so strong that the beyond-a-reasonable-doubt burden of proof could not
have been met. Zuniga v. State, 144 S.W.3d 477 (Tex.Cr.App.2004); Ross v. State, 133 S.W.3d 618,
620 (Tex.Cr.App.2004); Vasquez v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002); Cain v. State,
958 S.W.2d 404, 407 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex.Cr.App.1996).
            A person commits the offense of theft if he unlawfully appropriates property with the intent
to deprive the owner of property. TEX. PENAL CODE ANN. § 31.03(a) (Vernon Supp. 2004 -
2005). “Appropriate” means to acquire or otherwise exercise control over property other than real
property. TEX. PENAL CODE ANN. § 31.01(4)(B) (Vernon Supp. 2004 - 2005). Appropriation
of property is unlawful if it is without the owner’s effective consent. TEX. PENAL CODE ANN.
§ 31.03(b)(1) (Vernon Supp. 2004 - 2005).
            Appellant argues that there is legally and factually insufficient evidence to show that he had
exclusive control of the tools and that his passenger, Key, was the actual thief. The law, however,
does not require that appellant’s appropriation be exclusive. There is legally and factually sufficient
evidence in the record that appellant, either as a principal or a party to the offense, unlawfully
appropriated the tools. Where there is independent evidence of a burglary, the unexplained
possession of recently stolen goods may constitute sufficient evidence of guilt to support a
conviction. Harris v. State, 656 S.W.2d 481, 483 (Tex.Cr.App.1983); Buchanan v. State, 780
S.W.2d 467, 469 (Tex.App. - Dallas 1989, writ ref’d). To warrant such an inference, the possession
must be personal, recent, unexplained, and must involve a distinct and conscious assertion of right
to the property by the defendant. Jackson v. State, 645 S.W.2d 303, 306 (Tex.Cr.App.1983);
Buchanan v. State, supra. We find that the evidence in the record supports these requirements. The
tools were stolen from Hale’s property and were found in appellant’s personal vehicle only one week
later. Burglary tools were found next to the stolen items. Appellant falsely claimed that the tools
belonged to his boss, inferring that he was in rightful possession of the tools. This evidence is
legally and factually sufficient to support a jury finding that appellant was guilty of theft. We
overrule appellant’s first issue on appeal.
            We next address appellant’s complaint that the trial court should not have instructed the jury
on the law of parties. We must first determine whether there is any error in the jury charge. Hutch
v. State, 922 S.W.2d 166, 170 (Tex.Cr.App.1996). If we conclude that there is error, we must
determine if the error caused sufficient harm to warrant reversal. Hutch v. State, supra. Because
appellant objected to the charge, we will reverse only if the error is calculated to injure the rights of
the defendant, which means there must be some harm to the accused from the error. Almanza v.
State, 686 S.W.2d 157, 171 (Tex.Cr.App.1985). In determining the degree of harm, we look to the
entire jury charge, the state of the evidence, the arguments of counsel, and any other relevant
information from the entire record. Almanza v. State, supra.
            The law of parties may be applied to a case even though no such allegation is contained in
the indictment. Jackson v. State, 898 S.W.2d 896, 898 (Tex.Cr.App.1995). An instruction on the
law of parties may be given to the jury whenever there is sufficient evidence to support a jury verdict
that the defendant is criminally responsible under the law of parties. Ladd v. State, 3 S.W.3d 547,
564 (Tex.Cr.App.1999), cert. den’d, 529 U.S. 1070 (2000). To determine whether a defendant
participated in an offense as a party, we may examine the events occurring before, during, and after
the commission of the offense. Ransom v. State, 920 S.W.2d 288, 302 (Tex.Cr.App.1994), cert.
den’d, 519 U.S. 1030 (1996). Circumstantial evidence may also show that one is a party to the
offense. Wygal v. State, 555 S.W.2d 465, 469 (Tex.Cr.App.1977).
            We find that there was no error in the jury charge. There was sufficient evidence presented
at trial to support a jury verdict that appellant was criminally responsible under the law of parties. 
There was circumstantial evidence tending to show that appellant was a party to the offense after its
commission. Key, who appellant alleged was the actual thief, was a passenger in appellant’s vehicle
when the stolen items were discovered. The evidence also showed that appellant misled Officer
Jackson about the ownership of the tools when he inquired about them, stating that they belonged
to his “boss.” While appellant did present evidence that suggested Key was the actual thief of the
tools, the State presented its own evidence that suggested appellant knowingly aided Key in the
transportation of the stolen items after the commission of the offense. The jury, as trier of fact, was
free to believe the State’s theory of the evidence. See Jones v. State, 944 S.W.2d 642, 647
(Tex.Cr.App.1996), cert. den’d, 522 U.S. 832 (1997); Pieringer v. State, 139 S.W.3d 713, 723
(Tex.App. - Fort Worth 2004, no pet’n h.). A jury instruction on the law of parties was, therefore,
appropriate. We overrule appellant’s second issue on appeal.
            The judgment of the trial court is affirmed.
 
                                                                                                JIM R. WRIGHT
                                                                                                JUSTICE
 
November 4, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.